**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALEXANDER RAMON CHIONG,

    Petitioner,

-vs-                                                    Case No.  8:01-CR-37-T-30EAJ
                                                                 8:02-CV-2237-T-30EAJ

UNITED STATES OF AMERICA ,

    Respondent.

_____/

**O R D E R**

**THIS CAUSE** comes before the Court for consideration of Petitioner's Motion for Reconsideration of the order denying his request for relief under 28 U.S.C. § §2255.  In support of his motion, Petitioner argues that the Court erred in finding that he failed to present sufficient factual support for his claim that trial counsel was ineffective for not seeking a minor role adjustment at sentencing. *See* United States Sentencing Guidelines Manual § 3B1.2(b) (2001).

Petitioner fails to cite any legal authority for his motion for reconsideration. Because the motion was filed within ten (10) days of the entry of the judgment Petitioner challenges and seeks reconsideration of matters encompassed in a decision on the merits of his claim, *see Finch v. City of Vernon*, 845 F.2d 256, 259 (11th Cir. 1988) (citations omitted), the Court considers Petitioner's motion pursuant to Fed. R. Civ. P. 59(e).

District courts have considerable discretion in reconsidering an issue under Rule 59(e). *American Homes Assur. Co. v. Glenn Estess & Associates, Inc.*, 763 F.2d 1237,

1238-39 (11th Cir. 1985). The three grounds that justify granting a Rule 59(e) motion are: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice.  *See Offices Togolais Des Phosphates v. Mulberry Phosphates, Inc.,* 62 F.Supp.2d 1316, 1331 (M.D. Fla. 1999). Petitioner has not demonstrated that he is entitled to relief under either of the first two grounds.  To the extent that Petitioner attempts to find shelter for his motion on the third ground, the Court finds that he has failed to make the requisite showing that there is a need to correct clear error or prevent manifest injustice.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Motion for Reconsideration (Dkt. 79) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 19, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Petitioner/Counsel of Record

SA/jsh